FILED

2013 OCT 18 PM 2:41

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY ______________

Victor Salas, Jr. Esq., CSBN 138107
DeJon R. Lewis, Esq., CSBN 225300
LAW OFFICES OF VICTOR SALAS
1655 Mesa Verde Avenue
Suite 150
Ventura, CA 93003
(805) 642-9770

Attorneys for Plaintiffs,

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

HILDA VASQUEZ, individually, and as personal representative of the ESTATE OF EDGAR GARCIA, THE ESTATE of EDGAR GARCIA,

Plaintiffs,

vs.

CITY OF SANTA PAULA; THE SANTA PAULA POLICE DEPARTMENT; THE CHIEF OF POLICE FOR THE SANTA PAULA POLICE DEPARTMENT, Interim Chief, ISMAEL CORDERO; OFFICER HECTOR RAMIREZ, individually and in his official capacity as a Police Officer for the CITY OF SANTA PAULA; OFFICER CHAD PEPLINSKI, individually and in his official capacity as a Police Officer for the CITY OF SANTA PAULA; and DOES 1 to 50, inclusive, individually and in their official capacities as POLICE OFFICERS for the CITY OF SANTA PAULA

CV13-07726-SH

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH**

**[42 U.S.C. §§ 1983; and pendant tort claims]**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This case arises out of the wrongful death of twenty-five (25) year old EDGAR GARCIA at the hands of several SANTA PAULA Police Officers during the evening of July 28, 2012, at his residence.

## JURISDICTION

2. This action arises under Title 42 of the *United States Code* § 1983. Jurisdiction is conferred upon this Court by Title 42 of the *United States Code*, §§ 1331 and 1343. The unlawful acts and practices alleged herein occurred in the CITY OF SANTA PAULA, County of Ventura, State of California, which is within this judicial district.

## PARTIES

3. Plaintiff herein, HILDA VAZQUEZ, is, and at all times mentioned herein, is a competent adult who appears both individually and as the personal representative of EDGAR GARCIA. Plaintiff is the surviving parent of decedent, EDGAR GARCIA.

4. Plaintiff, THE ESTATE OF EDGAR GARCIA, appears by and through its representative, HILDA VAZQUEZ, and may maintain causes of action and recover damages for the value of decedent's life and decedent's pain and suffering.

5. Defendant, CITY OF SANTA PAULA ("hereinafter known as Defendant") is and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California.

6. Defendant, SANTA PAULA POLICE DEPARTMENT ("hereinafter known as Defendant") is a local governmental agency bestowed with police powers, as that term is used in the United States Constitution, and are thereby charged with the duty to enforce all Federal, State, and Local laws.

7. At all times mentioned herein, ISMAEL CORDERO, Interim CHIEF OF POLICE FOR THE CITY OF SANTA PAULA ("hereinafter known as Defendant"), is sued in his individual and official capacity.

8. At all times mentioned herein, HECTOR RAMIREZ, Officer with the SANTA PAULA

POLICE DEPARTMENT ("hereinafter known as Defendant") is sued in his individual and official capacity.

9. At all times mentioned herein, CHAD PEPLINSKI, Officer with the SANTA PAULA POLICE DEPARTMENT ("hereinafter known as Defendant") is sued in his individual and official capacity.

10. Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and thereon allege that each of the DOE defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, lack of management or control, willful violation of public policy, and false arrests. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or color of law.

12. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

## FACTS

14. On or about the evening of July 28, 2012 at approximately 8:00 p.m., Santa Paula Police officers answered a residential disturbance call at 1117 New Street, Santa Paula, CA 93060. As Police officers approached the home, decedent EDGAR GARCIA, who had been arguing with his father, ran through the residence and out through the side entrance from the home and into

the backyard of the residence. It was there that Officer HECTOR RAMIREZ, of the SANTA PAULA POLICE DEPARTMENT shot and killed the decedent EDGAR GARCIA, who was unarmed and not posing any threat to Police officers.

15. Officer HECTOR RAMIREZ, who had been lying in wait from the opposite side of the fence of the backyard directly behind that of the decedent's home, shot and killed EDGAR GARCIA without any mercy or justification as he ran through the backyard of his home. EDGAR GARCIA never knew what hit him.

16. Immediately after the incident, which is the subject matter of this complaint, Santa Paula Police Officers, including Santa Paula Police Reservist, Officer CHAD PEPLINSKI, claimed that EDGAR GARCIA began firing a weapon at him, striking him, and continued to fire his weapon as he ran into the backyard of his home where Officer RAMIREZ ambushed and shot EDGAR GARCIA as he was attempting to evade contact with police.

17. Plaintiff, HILDA VAZQUEZ, who was present and witnessed all of the above events, with the exception of the actual killing, asserts that EDGAR GARCIA was neither armed nor fired any weapon at police and that the only weapons she heard being fired that evening were that of Officer HECTOR RAMIREZ.

18. Plaintiffs are informed and believe and thereon allege that the CITY OF SANTA PAULA and DOES 26 to 50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants HECTOR RAMIREZ and CHAD PEPLINSKI and DOES 1 to 25, inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendants HECTOR RAMIREZ and CHAD PEPLINSKI and DOES 1 to 25, inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating , condoning and/or ratifying the deliberate indifference, the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendants' HECTOR RAMIREZ and CHAD PEPLINSK and DOES 1 TO 25's, inclusive, misconduct.

19. Plaintiffs are informed and believe and thereon allege that on said date, July 28, 2012,

CITY OF SANTA PAULA POLICE DEPARTMENT were in violation of its policies and procedures which resulted in the death of EDGAR GARCIA. After the shooting, those officers at the scene each and all of them formulated a story to make this shooting look like it was justified by conspiring by and between them to assert that EDGAR GARCIA was armed with a weapon and fired that weapon at police officers as he fled. Ventura County Sheriff's Investigators have determined that EDGAR GARCIA was not armed and no weapon has ever been recovered.

20. Plaintiffs are informed and believe and thereon allege that SANTA PAULA POLICE officers negligently and recklessly fired their weapons at EDGAR GARCIA in a residential neighborhood with total disregard for public safety and security of the community and specifically EDGAR GARCIA and intended to shoot and kill EDGAR GARCIA, thereby causing his death.

21. Plaintiff's are informed and believe and thereon allege that the SANTA PAULA police officers at the scene were negligently and poorly trained, were negligently hired, were negligently and poorly supervised (both at the scene and before), and were negligently retained.

22. Plaintiff's are informed and believe and thereon allege that members of the CITY OF SANTA PAULA POLICE DEPARTMENT, including but not limited to Defendants, HECTOR RAMIREZ, CHAD PEPLINSKI, and/or DOES 1 to 25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of making improper detentions and/or false arrests and using excessive, arbitrary and/or unreasonable force against individuals, including, but no limited to decedent, EDGAR GARCIA.

23. Plaintiff is further informed and believes and thereon alleges that as a matter of official Policy rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily minority citizens, Defendant, CITY OF SANTA PAULA POLICE DEPARTMENT, has long allowed citizens, such as the decedent, to be abused by its police officers, including by Defendants HECTOR RAMIREZ and CHAD PEPLINSKI and/or DOES 1 to 25 and/or each of them, individually and/or while acting in concert with one another.

24. As a result of the pre-existing customs, policies, patterns and/or practices of such abuses by members of Defendant CITY OF SANTA PAULA POLICE DEPARTMENT, decedent and Plaintiffs were subjected to the violation of their constitutional rights as alleged herein.

**DAMAGES**

25. As a consequence of Defendants violation of Plaintiff's Federal Civil Rights under 42 *U.S.C* § 1983 and the Fourteenth Amendment, Plaintiff HILDA VAZQUEZ was mentally and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to Plaintiff's loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace and moral support.

26. Plaintiff, ESTATE OF EDGAR GARCIA, by and through HILDA VAZQUEZ, the personal representative of EDGAR GARCIA's estate, is entitled to recover wrongful death damages pursuant to *California Code of Civil Procedures* §§ 377.60 and 377.61 and *California Probate Code* § 6402(b). Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to *California Code of Civil Procedures* §§ 377.60 and 377.61.

27. Plaintiff, ESTATE OF EDGAR GARCIA is entitled to recover damages by and through HILDA VAZQUEZ, the personal representative of decedent's estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

28. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. §§§1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**(Violation of Fourth Amendment of the United States Constitution)**
**(42 U.S.C. §1983)**
**(THE ESTATE OF EDGAR GARCIA V. RAMIREZ, PEPLINSKI & DOES 1to25)**

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30. Defendant's above-described conduct violated decedent's rights as provided for under the

Fourth Amendment to the United States Constitution to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**Deliberate Indifference to Decedent's Medical Needs**
**(THE ESTATE OF EDGAR GARCIA v. RAMIREZ, PEPLINSKI & DOES 1 to 25)**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though full set forth herein

32. While dying at the scene, Decedent was entitled to receive necessary medical attention while in the care and custody of the SANTA PAULA POLICE DEPARTMENT. In doing the acts complained of herein, Defendants, and each of them, acted under color of authority and Law to deprive the decedent of urgently needed medical care in violation of his rights, under the Due Process Clause of the Fourteenth Amendment.

33. As a proximate result of Defendants' conduct, and each of them, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Wrongful Death)**
**(42 U.S.C §1983)**
**(THE ESTATE OF EDGAR GARCIA v. RAMIREZ, PEPLINSKI & DOES 1 TO 25)**

34. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. Defendants and each of them acted under color of law by shooting and killing decedent without lawful justification for doing so and subjected decedent to excessive force thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Violations of Plaintiff's Civil Rights to Familial Relationship)**
**(42 U.S.C. § 1983)**
**(HILDA VAZQUEZ v. RAMIREZ, PEPLINSKI & DOES 1 to 25)**

36. Plaintiff here re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. Defendants, acting under color of state law and authority and without due process of law, deprived Plaintiff of her right to familial relationship with decedent by Defendants' usage of unreasonable and unjustified deadly force and violence thereby causing injuries which resulted in decedent's death, all without provocation. Additionally, Defendants and each of them, attempted to conceal their excessive use and hide the true cause of decedent's demise to deprive Plaintiff of her right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

**FIFTH CAUSE OF ACTION**
**(Survival Action: Violation of decedent's civil rights)**
**(THE ESTATE OF EDGAR GARCIA V. RAMIREZ, PEPELINSKI & DOES 1 to 25)**

38. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. EDGAR GARCIA was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death.

40. EDGAR GARCIA did not file a legal action before his death.

41. Plaintiff, HILDA VAZQUEZ, as personal representative of the ESTATE OF EDGAR

GARCIA, claims damages for the conscious pain and suffering incurred by EDGAR GARCIA, as provided for under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Monell)**
**(42 U.S.C. § 1983)**
**(THE ESTATE OF EDGAR GARCIA Against CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT AND INTERIM CHIEF ISMAEL CORDERO AND DOES 26 to 50)**

42. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 41 as though fully set forth herein.

43. As against Defendants CITY OF SANTA PAULA, and/or DOES 26 to 50 and/or each of them, individually and/or in their capacities as official policy-makers for all of their local governmental agencies, including but not limited to Defendant SANTA PAULA POLICE DEPARTMENT, alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the Defendant CITY OF SANTA PAULA POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiff.

44. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of custom, policy, pattern or practice of deliberate indifference by Defendants CITY OF SANTA PAULA, and DOES 26 to 50 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF SANTA PAULA POLICE officers, which have included, but are not limited to, repeated acts of making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy.

45. Plaintiff is further informed and believes and thereon alleges that the acts and/or

omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants CITY OF SANTA PAULA, DOES 26 to 50 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF SANTA PAULA POLICE officers, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

46. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged here were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

47. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately train officers using reality based training techniques, workshops and/or simulations.

48. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately train officers in making detentions, arrests and/or using force agents mentally impaired, emotionally disturbed persons and/or minorities.

49. The aforementioned deliberate indifference, customs, policies or practices of Defendants CITY OF SANTA PAULA and DOES 26 TO 50, and/or each of them, resulted in the deprivation of the constitutional rights of the Decedent and Plaintiff, including but not limited to the following:

a. The right not to be deprived of life, liberty or property without Due Process of Law;
b. The right to be free from unreasonable searches and/or seizures;
c. The right to equal protection of the law;
d. The right to familial relationships; and

e. The right to enjoy civil and statutory rights.

50. Said rights are substantive guarantees under the Fourth and /or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Wrongful Death – Negligence)**
**(C.C.P. §377.60 AND 377.61)**
**(HILDA VAZQUEZ v. RAMIREZ AND PEPLINSKI & DOES 1 to 25)**

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

52. Defendants and DOES 1 to 25 inclusive, by and through their respective agents and employees, proximately caused the death of decedent EDGAR GARCIA, on July 28, 2012 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

53. As an actual and proximate result of said Defendants' negligence, and the death of decedent, Plaintiff, HILDA VAZQUEZ has sustained pecuniary loss resulting from the loss of comfort, society, and services of her son, decedent, in an amount according to proof at time of trial.

54. As a further actual and proximate result of said Defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at time of trial.

55. Pursuant to *California Code of Civil Procedure* §§ 377.60 and 377.61, Plaintiff has brought this action and claims damages from said Defendants for the wrongful death of decedent, and the resulting injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

///

**EIGHTH CAUSE OF ACTION**

**(Violation of Decedent's Right to Enjoy Civil Rights)**
**(Violation of California Civil Code § 52.1)**
**(THE ESTATE OF EDGAR GARCIA v. RAMIREZ, PEPLINSKI & DOES 1 to 25)**

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of *California Civil Code* § 52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**

**(Violation of Decedent's State Statutory Rights)**
**Violation of California Civil Code § 51.7)**
**(THE ESTATE OF EDGAR GARCIA v. RAMIREZ, PEPLINSKI & DOES 1 to 25)**

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

59. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants HECTOR RAMIREZ and CHAD PEPLINSKI and DOES 1 through 25, inclusive, as described herein, was motivated prejudice against EDGAR GARCIA. Decedent is and was readily recognizable as Hispanic-American. In engaging in such conduct, Defendants violated decedent's rights under *California Civil Code* §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

60. Under the provisions of *California Civil Code* § 52(b), Defendants are liable for punitive damages for each violation of *California Civil Code* § 51.7, reasonable attorney's fees and an additional $25,000.00.

61. As a proximate result of Defendants' wrongful conduct, decedent suffered damages in an amount to be proven at time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(THE ESTATE OF EDGAR GARCIA v. RAMIREZ, PEPLINSKI & DOES 1 to 25)**

62. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 61 as though full set forth herein.

63. Defendants' above-described conduct was extreme, unreasonable and outrageous.

64. By engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of being shot in the abdomen by SANTA PAULA POLICE officers.

65. Plaintiff is of the belief and thereon alleges that EDGAR GARCIA did suffer severe emotional distress after being shot and fearing that he would die from his wounds inflicted upon him by Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**ELEVENTH CAUSE OF ACTION**
**(Assault and Battery)**
**(THE ESTATE OF EDGAR GARCIA v. RAMIREZ, PEPLINSKI & DOES 1 to 25)**

66. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 65 as though fully set forth herein.

67. Defendants' above-described conduct constituted assault and battery on the person of EDGAR GARCIA.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

Plaintiffs hereby demand a jury trial on all issues so triable.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum of $15,000,000.00;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sub to be determined according to proof;

3. For funeral and burial expenses according to proof;
4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants Officer HECTOR RARMIREZ and Officer CHAD PEPLINSKI and/or DOES 1 through 25 and/or each of them;
5. For reasonable attorney's fees pursuant to 42 U.S.C § 1988; and
6. For cost of suit herein incurred.

Dated: September 23, 2013

LAW OFFICES OF VICTOR SALAS, JR.

BY: ______________________

Victor Salas Jr.
Attorney for Plaintiffs
HILDA VAZQUEZ, individually, and as personal representative of the ESTATE OF EDGAR GARCIA, and THE ESTATE OF EDGAR GARCIA

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

HILDA VASQUEZ, individually, and as personal representative of the ESTATE OF EDGAR GARCIA, and the ESTATE OF EDGAR GARCIA

*Plaintiff(s)*

v.

CITY OF SANTA PAULA; THE SANTA PAULA POLICE DEPARTMENT; et al (SEE ATTACHED SHEET)

*Defendant(s)*

Civil Action No. CV13-07726-SH

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CITY OF SANTA PAULA; THE SANTA PAULA POLICE DEPARTMENT; THE CHIEF OF POLICE FOR THE SANTA PAULA POLICE DEPARTMENT; Interim Chief, ISMAEL CORDERO; OFFICER HECTOR RAMIREZ, individually and in his official capacity as a Police Officer for the CITY OF SANTA PAULA; Officer CHAD PEPLINSKI, individually and in his official capacity as a Police Officer for the CITY OF SANTA PAULA; and DOES 1 to 50, inclusive, individually and in their official capacities as POLICE OFFICERS for the CITY OF SANTA PAULA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Victor Salas, Jr. Esq.
DeJon R. Lewis, Esq.,
LAW OFFICES OF VICTOR SALAS, JR.
1655 Mesa Verde Avenue, Suite 150
Ventura, CA 93003
(805) 642-9770

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: OCT 18 2013

*Signature of Clerk or Deputy Clerk*

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1227

Victor Salas, Jr., SBN 138107
DeJon R. Lewis, Esq., SBN 225300
LAW OFFICE OF DEJON R. LEWIS
1655 Mesa Verde Avenue, Ste. 150
Ventura, CA 93003

(805) 64209770

Attorneys for Plaintiffs.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CASE NO.

**(Attachment to SUMMONS)**

**DEFENDANTS CONTINUED...**

THE CHIEF OF POLICE FOR THE SANTA PAULA POLICE DEPARTMENT; Interim Chief, ISMAEL CORDERO; OFFICER HECTOR RAMIREZ, individually and in his official capacity as a Police Officer for the CITY OF SANTA PAULA; OFFICER CHAD PEPLINSKI, individually and in his official capacity as a Police Officer for the CITY OF SANTA PAULA; and DOES 1 TO 50, inclusive, individually and in their office capacities as Police Officers for the CITY OF SANTA PAULA.

Defendants.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [ ] )

HILDA VASQUEZ, individually, and as personal representative of the ESTATE OF EDGAR GARCIA, and the ESTATE OF EDGAR GARCIA

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

CITY OF SANTA PAULA; THE SANTA PAULA POLICE DEPARTMENT; THE CHIEF OF POLICE FOR THE SANTA PAULA POLICE DEPARTMENT; Interim Chief, ISMAEL CORDERO; OFFICER HECTOR RAMIREZ, individually and in his official capaciy as a Police Officer for the CITY OF SANTA PAULA; OFFICER CHAD PEPLINSKI et al.

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Victor Salas, Jr, Esq.
DeJon R. Lewis, Esq.
LAW OFFICE OF VICTOR SALAS JR.
1655 Mesa Verde Avenue, Suite 150, Ventura, CA 93003 (805) 642-9770

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No [X] **MONEY DEMANDED IN COMPLAINT:** $ 15,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title 42 of the United States Code Section 1983. Defendants, and each of them, violated Plaintiffs' Civil Rights by wrongfully causing his death.

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/Etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Org.
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Info. Act
- [ ] 896 Arbitration
- [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- [ ] 153 Recovery of Overpayment of Vet. Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL PROPERTY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpratice
- [ ] 365 Personal Injury-Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accomodations
- [ ] 445 American with Disabilities-Employment
- [ ] 446 American with Disabilities-Other
- [ ] 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus/Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405 (g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV13-07726

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

***CIVIL COVER SHEET***

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **Question A: Was this case removed from state court?** ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| **Question B: Is the United States, or one of its agencies or employees, a party to this action?** ☐ Yes ☒ No | If the United States, or one of its agencies or employees, is a party, is it: A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| **Question C: Location of plaintiffs, defendants, and claims?** | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. →

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ↓

Your case will initially be assigned to the WESTERN DIVISION. Enter "Western" in response to Question D below.

| **Question D: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: → | WESTERN DIVISION |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: 10-03-2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |