1  Alan E. Wisotsky – State Bar No. 68051
   James N. Procter II – State Bar No. 96589
2  Dirk DeGenna – State Bar No. 188972
   WISOTSKY, PROCTER & SHYER
3  300 Esplanade Drive, Suite 1500
   Oxnard, California 93036
4  Phone:  (805) 278-0920
   Facsimile: (805) 278-0289
5  Email:  ddegenna@wps-law.net

6  Attorneys for Defendants,
       CITY OF SANTA PAULA, SANTA PAULA POLICE
7      DEPARTMENT, INTERIM CHIEF ISMAEL
       CORDERO, OFFICER HECTOR RAMIREZ, and
8      OFFICER CHAD PEPLINKSI

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 HILDA VASQUEZ, individually, and       CASE NO. CV13-07726-SH
   as personal representative of the
13 ESTATE OF EDGAR GARCIA, THE            **ANSWER TO FIRST AMENDED**
   ESTATE OF EDGAR GARCIA,                **COMPLAINT; DEMAND FOR**
14                                        **TRIAL BY JURY**
                    Plaintiffs,
15
        v.
16
   CITY OF SANTA PAULA; THE
17 SANTA PAULA POLICE
   DEPARTMENT; Interim Chief,
18 ISMAEL CORDERO; OFFICER
   HECTOR RAMIREZ, individually
19 and in his official capacity as a Police
   Officer for the CITY OF SANTA
20 PAULA; OFFICER CHAD
   PEPLINSKI; individually and in his
21 official capacity as a Police Officer
   for the CITY OF SANTA PAULA;
22 and DOES 1 through 10, inclusive,
   individually and in their official
23 capacities as POLICE OFFICERS for
   the CITY OF SANTA PAULA,
24
                    Defendants.
25

26

27      Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPART-

28 MENT, INTERIM CHIEF ISMAEL CORDERO, OFFICER HECTOR RAMIREZ,

                                    1

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1  and OFFICER CHAD PEPLINKSI hereby answer plaintiffs' first amended complaint

2  as follows:

3       1.     Answering paragraph 1 of the first amended complaint, defendants admit

4  that the case arises from the shooting death of Edgar Garcia on July 28, 2012.

5  Defendants deny the remaining allegations of paragraph 1.

6       2.     Answering paragraph 2 of the first amended complaint, defendants admit

7  that plaintiffs are attempting to file suit under the cited statutes and that plaintiffs are

8  attempting to establish jurisdiction under the cited statutes.

9       3.     Answering paragraph 3 of the first amended complaint, defendants have

10  insufficient information to admit or deny the allegations, and on that basis defendants

11  deny each and every allegation contained therein.

12       4.     Answering paragraph 4 of the first amended complaint, defendants admit

13  that the Estate of Edgar Garcia claims it has appeared by and through Hilda Vasquez.

14  Defendants deny the remaining allegations of this paragraph.

15       5.     Answering paragraph 5 of the first amended complaint, defendants admit

16  that the City of Santa Paula is a municipal corporation organized and existing under

17  the laws of the State of California.

18       6.     Answering paragraph 6 of the first amended complaint, defendants admit

19  that the Santa Paula Police Department is an agency of the City of Santa Paula and

20  provides law enforcement services for the City of Santa Paula.

21       7.     Answering paragraph 7 of the first amended complaint, defendants admit

22  that Ismael Cordero was the interim chief of police for the City of Santa Paula at the

23  time of the incident giving rise to this litigation.

24       8.     Answering paragraph 8 of the first amended complaint, defendants admit

25  the allegations of the paragraph.

26       9.     Answering paragraph 9 of the first amended complaint, defendants admit

27  the allegations of the paragraph.

28  ///

2

10.     Answering paragraph 10 of the first amended complaint, defendants deny the propriety of the use of fictitious name allegations in this action.  Because plaintiffs have not identified any person as Does 1 through 50, defendants have insufficient information to admit or deny the allegations of the paragraph, and on that basis defendants deny each and every allegation contained therein.

11.     Answering paragraph 11 of the first amended complaint, defendants deny the allegations of the paragraph.

12.     Answering paragraph 12 of the first amended complaint, defendants deny the allegations of the paragraph.

13.     Answering paragraph 13 of the first amended complaint, defendants admit that plaintiff Hilda Vasquez was required to comply with the administrative claims requirement of California law for state law causes of action.

14.     Answering paragraph 14 of the first amended complaint, defendants admit that on July 28, 2012, at approximately 8:00 p.m., Santa Paula police officers answered a residential disturbance call at 1117 New Street, Santa Paula, California 93060, and that Edgar Garcia fled into the backyard of the residence, where he was shot and killed.  Defendants admit on information and belief that Edgar Garcia was involved in a confrontation.  Defendants deny the remainder of the allegations.

15.     Answering paragraph 15 of the first amended complaint, defendants deny the allegations of the paragraph.

16.     Answering paragraph 16 of the first amended complaint, defendants admit that Edgar Garcia fired a weapon at and struck Officer Peplinski, then fled into the backyard of the residence, where he was shot.  Defendants deny the remainder of the allegations of the paragraph.

17.     Answering paragraph 17 of the first amended complaint, defendants have insufficient information to admit or deny the allegations of the paragraph, and on that basis defendants deny each and every allegation contained therein.

///

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1   18.     Answering paragraph 18 of the first amended complaint, defendants

2   deny the propriety of the use of fictitious name allegations in this action, and because

3   plaintiffs have not identified any person as Does 26 to 50, defendants have

4   insufficient information to admit or deny the allegations of the paragraph, and on that

5   basis defendants deny each and every allegations contained therein.

6   19.     Answering paragraph 19 of the first amended complaint, defendants

7   deny the allegations of the paragraph.

8   20.     Answering paragraph 20 of the first amended complaint, defendants

9   deny the allegations of the paragraph.

10   21.     Answering paragraph 21 of the first amended complaint, defendants

11   deny the allegations of the paragraph.

12   22.     Answering paragraph 22 of the first amended complaint, defendants

13   deny the propriety of the use of fictitious name allegations in this action, and because

14   plaintiffs have not identified any person as Does 1 to 25, defendants have insufficient

15   information to admit or deny the allegations of the paragraph, and on that basis

16   defendants deny each and every allegations contained therein.

17   23.     Answering paragraph 23 of the first amended complaint, defendants

18   deny the propriety of the use of fictitious name allegations in this action, and because

19   plaintiffs have not identified any person as Does 1 to 25, defendants have insufficient

20   information to admit or deny the allegations of the paragraph, and on that basis

21   defendants deny each and every allegations contained therein.

22   24.     Answering paragraph 24 of the first amended complaint, defendants

23   deny the allegations of the paragraph.

24   25.     Answering paragraph 25 of the first amended complaint, defendants

25   admit that plaintiffs are seeking damages but deny their applicability to the case at

26   hand.

27   / / /

28   / / /

4

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1  26.    Answering paragraph 26 of the first amended complaint, defendants

2  admit that plaintiffs are seeking damages but deny their applicability to the case at

3  hand.

4  27.    Answering paragraph 27 of the first amended complaint, defendants

5  admit that plaintiffs are seeking damages but deny their applicability to the case at

6  hand.

7  28.    Answering paragraph 28 of the first amended complaint, defendants

8  admit that plaintiffs are seeking damages but deny their applicability to the case at

9  hand.

10  29.    Answering paragraph 29 of the first amended complaint, defendants

11  admit that plaintiffs reallege and incorporate by reference each and every allegation

12  set forth in the preceding paragraphs, and defendants incorporate their responses to

13  the preceding allegations of the first amended complaint as though fully set forth

14  hereat.

15  30.    Answering paragraph 30 of the first amended complaint, defendants

16  deny the allegations of the paragraph.

17  31.    Answering paragraph 31 of the first amended complaint, defendants

18  admit that plaintiffs reallege and incorporate by reference each and every allegation

19  set forth in the preceding paragraphs, and defendants incorporate their responses to

20  the preceding allegations of the first amended complaint as though fully set forth

21  hereat.

22  32.    Answering paragraph 32 of the first amended complaint, defendants

23  deny that decedent was deprived of medical care in violation of his rights under the

24  Due Process Clause of the Fourteenth Amendment.

25  33.    Answering paragraph 33 of the first amended complaint, defendants

26  deny the allegations of the paragraph.

27  34.    Answering paragraph 34 of the first amended complaint, defendants

28  admit that plaintiffs reallege and incorporate by reference each and every allegation

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1  set forth in the preceding paragraphs, and defendants incorporate their responses to

2  the preceding allegations of the first amended complaint as though fully set forth

3  hereat.

4      35.    Answering paragraph 35 of the first amended complaint, defendants

5  deny the allegations of the paragraph.

6      36.    Answering paragraph 36 of the first amended complaint, defendants

7  admit that plaintiffs reallege and incorporate by reference each and every allegation

8  set forth in the preceding paragraphs, and defendants incorporate their responses to

9  the preceding allegations of the first amended complaint as though fully set forth

10  hereat.

11      37.    Answering paragraph 37 of the first amended complaint, defendants

12  deny the allegations of the paragraph.

13      38.    Answering paragraph 38 of the first amended complaint, defendants

14  admit that plaintiffs reallege and incorporate by reference each and every allegation

15  set forth in the preceding paragraphs, and defendants incorporate their responses to

16  the preceding allegations of the first amended complaint as though fully set forth

17  hereat.

18      39.    Answering paragraph 39 of the first amended complaint, defendants

19  have insufficient information to admit or deny the allegations of the paragraph and on

20  that basis deny the allegations.

21      40.    Answering paragraph 40 of the first amended complaint, defendants

22  have insufficient information to admit or deny the allegations of the paragraph and on

23  that basis deny the allegations.

24      41.    Answering paragraph 41 of the first amended complaint, defendants

25  have insufficient information to admit or deny the allegations of the paragraph and on

26  that basis deny the allegations.

27      42.    Answering paragraph 42 of the first amended complaint, defendants

28  admit that plaintiffs reallege and incorporate by reference each and every allegation

set forth in the preceding paragraphs, and defendants incorporate their responses to the preceding allegations of the first amended complaint as though fully set forth hereat.

43.     Answering paragraph 43 of the first amended complaint, defendants deny the allegations of the paragraph.

44.     Answering paragraph 44 of the first amended complaint, defendants deny the allegations of the paragraph.

45.     Answering paragraph 45 of the first amended complaint, defendants deny the allegations of the paragraph.

46.     Answering paragraph 46 of the first amended complaint, defendants deny the allegations of the paragraph.

47.     Answering paragraph 47 of the first amended complaint, defendants deny the allegations of the paragraph.

48.     Answering paragraph 48 of the first amended complaint, defendants deny the allegations of the paragraph.

49.     Answering paragraph 49 of the first amended complaint, defendants deny the allegations of the paragraph.

50.     Answering paragraph 50 of the first amended complaint, defendants admit that the Fourth and Fourteenth amendments of the United States Constitution guarantee the right not to be deprived of life, liberty, and property without due process of law; the right to be free from unusual searches and seizures; the right to equal protection of the law; and the right to familial relationships.

51.     Answering paragraph 51 of the first amended complaint, defendants admit that plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs, and defendants incorporate their responses to the preceding allegations of the first amended complaint as though fully set forth hereat.

///

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1    52.    Answering paragraph 52 of the first amended complaint, defendants

2 deny the allegations of the paragraph.

3    53.    Answering paragraph 53 of the first amended complaint, defendants

4 deny the allegations of the paragraph.

5    54.    Answering paragraph 54 of the first amended complaint, defendants

6 have insufficient information to admit or deny the allegations of the paragraph and on

7 that basis deny the allegations.

8    55.    Answering paragraph 55 of the first amended complaint, defendants

9 admit that plaintiffs have brought this action under the cited statutes but deny their

10 applicability to this matter.

11    56.    Answering paragraph 56 of the first amended complaint, defendants

12 admit that plaintiffs reallege and incorporate by reference each and every allegation

13 set forth in the preceding paragraphs, and defendants incorporate their responses to

14 the preceding allegations of the first amended complaint as though fully set forth

15 hereat.

16    57.    Answering paragraph 57 of the first amended complaint, defendants

17 deny the allegations of the paragraph.

18    58.    Answering paragraph 58 of the first amended complaint, defendants

19 admit that plaintiffs reallege and incorporate by reference each and every allegation

20 set forth in the preceding paragraphs, and defendants incorporate their responses to

21 the preceding allegations of the first amended complaint as though fully set forth

22 hereat.

23    59.    Answering paragraph 59 of the first amended complaint, defendants

24 deny the allegations of the paragraph.

25    60.    Answering paragraph 60 of the first amended complaint, defendants

26 deny the allegations of the paragraph.

27    61.    Answering paragraph 61 of the first amended complaint, defendants

28 deny the allegations of the paragraph.

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

62.     Answering paragraph 62 of the first amended complaint, defendants admit that plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs, and defendants incorporate their responses to the preceding allegations of the first amended complaint as though fully set forth hereat.

63.     Answering paragraph 63 of the first amended complaint, defendants deny the allegations of the paragraph.

64.     Answering paragraph 64 of the first amended complaint, defendants deny the allegations of the paragraph.

65.     Answering paragraph 65 of the first amended complaint, defendants have insufficient information to admit or deny the allegations of the paragraph and on that basis deny the allegations.

66.     Answering paragraph 66 of the first amended complaint, defendants admit that plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs, and defendants incorporate their responses to the preceding allegations of the first amended complaint as though fully set forth hereat.

67.     Answering paragraph 67 of the first amended complaint, defendants deny the allegations of the paragraph.

## AFFIRMATIVE DEFENSES

1.     As and for a first separate and distinct affirmative defense, each and every cause of action asserted against these defendants fails to state a claim upon which relief can be granted.

2.     As and for a second separate and distinct affirmative defense, as there is no underlying constitutional violation, defendants cannot be liable, under *City of Los Angeles v. Heller*, 475 U.S. 796 (1986), for any federal claim.

3.     As and for a third separate and distinct affirmative defense, the individual officers are entitled to the benefit and protection of the qualified immunity.

9

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1    4.      As and for a fourth separate and distinct affirmative defense, the

2    defendants or any policymaking individual did not deliberately indifferently adopt,

3    ratify, or enforce any custom, practice, or policy which deprived the plaintiffs of any

4    federally protected constitutional rights.

5    5.      As and for a fifth separate and distinct affirmative defense, the actions of

6    the individual officers were not in conscious disregard of the rights of the decedent or

7    deliberately indifferent to the constitutional rights of the decedent.

8    6.      As and for a sixth separate and distinct affirmative defense, punitive

9    damages against a public entity are not recoverable pursuant to the rationale and

10   holding of *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

11   7.      As and for a seventh separate and distinct affirmative defense,

12   defendants allege that no policymaking individual with any entity defendant in this

13   case consciously decided to adopt, promulgate, or ratify any deliberately indifferent

14   custom, practice, or policy which actually led to the deprivation of any of plaintiffs'

15   federally protected civil rights.

16   8.      As and for an eighth separate and distinct affirmative defense,

17   defendants allege that no constitutional violation was committed, so any entity

18   defendant is not chargeable with a viable federal civil rights cause of action. *Scott v.*

19   *Henrich*, 39 F.3d 912, 916 (9th Cir. 1994); *Palmerin v. City of Riverside*, 794 F.2d

20   1409, 1410-1415 (9th Cir. 1986); *Scott v. Clay County*, 205 F.3d 867, 879 (6th Cir.

21   2000).

22   9.      As and for a ninth separate and distinct affirmative defense, the action

23   and each and every cause thereof would be barred by the plaintiffs' lack of standing

24   to assert the violation of the decedent's Fourth and Fourteenth Amendment rights if it

25   is shown that the plaintiffs are not suing in a representative capacity as successors in

26   interest to the decedent or as a personal representative of his estate, lacking

27   successorship interest and absence of fulfillment of state-law requirements of

28   decedent estate administration.

10. As and for a tenth separate and distinct affirmative defense, the state-law causes of action, including the wrongful death claim, are barred as against the entity defendants because the officers cannot be liable so there is no basis for respondeat superior liability against the entity defendants in accordance with Government Code Section 815.2, which provides that the public entity is not liable for the acts of an employee if the employee is immune from liability, as well as *Thomas v. City of Richmond*, 9 Cal.4th 1154, 1157-1158 (1995), *Collins v. City and County of San Francisco*, 50 Cal.App.3d 671, 673 (1975) and *Perez v. City of Huntington Park*, 7 Cal.App.4th 817, 819-820 (1992).

11. As and for an eleventh separate and distinct affirmative defense, the state-law causes of action are barred by California Government Code Section 820.2, which precludes liability where the act or omission was the result of the exercise of discretion vested in a government official, whether or not such discretion was abused.

12. As and for a twelfth separate and distinct affirmative defense, the state-law causes of action are precluded by the provisions of California Government Code Section 820.4, which provides that a public employee is not liable for his act or omission while exercising due care in the execution or enforcement of any law.

13. As and for a thirteenth separate and distinct affirmative defense, the state-law causes of action are precluded by or diminished in proportion to the plaintiffs' decedent's comparative fault or contributory negligence.

14. As and for a fourteenth separate and distinct affirmative defense, defendants allege that the action is barred by the fact that the defendant's officers did not deliberately and intentionally violate the plaintiffs' rights, were not deliberately indifferent, nor did they possess the requisite *mens rea* or level of fault to be chargeable with a federal civil rights violation.

15. As and for a fifteenth separate and distinct affirmative defense, defendants are immune as to the state-law claims pursuant to California Government Code Section 820.8.

11

16. As and for a sixteenth separate and distinct affirmative defense, defendants allege that the decedent acted with full knowledge of all the facts and circumstances surrounding his alleged injuries and assumed the risk of the matters causing the alleged injuries, and the matters of which decedent assumed the risk proximately contributed to and proximately caused the alleged injuries, if any there were.

17. As and for a seventeenth separate and distinct affirmative defense, defendants allege that plaintiffs had a duty to mitigate their damages and failed to do so and thereby are barred from recovery of damages flowing from the failure to mitigate.

18. As and for an eighteenth separate and distinct affirmative defense, defendants are immune as to the state-law claims pursuant to California Government Code Section 820.6.

19. As and for a nineteenth separate and distinct affirmative defense, defendants allege that at all times herein mentioned, defendant's officers were performing their duties pursuant to the discretion vested in them; that if plaintiffs were damaged as a result of the exercise of discretion vested in said employees, plaintiffs' cause of action is barred.

20. As and for a twentieth separate and distinct affirmative defense, defendants deny that plaintiffs are entitled to attorney's fees in this matter.

21. As and for a twenty-first separate and distinct affirmative defense, defendants are immune from liability because all acts were performed in self-defense and/or in the defense of others, and the use of force was reasonable under the totality of the circumstances.

22. As and for a twenty-second separate and distinct affirmative defense, defendants allege that the injuries or damages, if any, sustained by the plaintiffs were proximately caused by the negligent or unlawful acts or omissions of persons other than these defendants, and the liability of each defendant and responsible party,

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

12

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1 named or unnamed, should be apportioned according to their relative degrees of fault,

2 and the liability of these answering defendants, if any, should be reduced accordingly.

3       23.   As and for a twenty-third separate and distinct affirmative defense,

4 plaintiffs have failed to comply with the claims presentation and/or filing require-

5 ments of California Government Code Section 900, et seq.

6       24.   As and for a twenty-fourth separate and distinct affirmative defense,

7 defendants are immune from liability pursuant to the provisions of California Penal

8 Code Section 148.

9       25.   As and for a twenty-fifth separate and distinct affirmative defense,

10 defendants are immune from liability pursuant to the provisions of California Penal

11 Code Section 834a.

12       26.   As and for a twenty-sixth separate and distinct affirmative defense,

13 defendants are immune from liability pursuant to the provisions of California Penal

14 Code Section 835a.

15       27.   As and for a twenty-seventh separate and distinct affirmative defense,

16 defendants allege that they are immune from liability because all acts were performed

17 in good faith and without malice.

18       28.   As and for a twenty-eighth separate and distinct affirmative defense,

19 defendants allege that any action taken on behalf of the defendants against the

20 decedent was with reasonable cause to believe that the decedent had committed, may

21 commit, was committing, or was about to commit a felony or misdemeanor.

22       29.   As and for a twenty-ninth separate and distinct affirmative defense,

23 defendants allege that the force employed, if any, at the time and place mentioned in

24 the first amended complaint was not excessive or unreasonable under the

25 circumstances.

26       30.   As and for a thirtieth separate and distinct affirmative defense,

27 defendants allege that they are immune from liability because probable cause existed

28 ///

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1  which permitted all acts taken regarding the facts alleged in plaintiffs' first amended

2  complaint.

3      31.    As and for a thirty-first separate and distinct affirmative defense,

4  defendants allege that they are immune from liability because the actions of the

5  defendants and their employees and/or agents were objectively reasonable.

6      32.    As and for a thirty-second separate and distinct affirmative defense,

7  defendants allege that at all times herein mentioned, defendants were performing their

8  duties pursuant to the discretion vested in them; that if plaintiffs and/or decedent were

9  damaged as a result of the exercise of discretion vested in said defendants or their

10 employees or agents, plaintiffs' cause of action is barred.

11     33.    As and for a thirty-third separate and distinct affirmative defense,

12 defendants allege that plaintiffs' claims and causes of action under the first amended

13 complaint are barred by reason of the statute of limitations and the doctrine of laches

14 in that the pleadings were not filed within the proper or reasonable time with respect

15 to the alleged damages.

16     34.    As and for a thirty-fourth separate and distinct affirmative defense,

17 defendants, their employees, and agents are immune from liability because they had a

18 reasonable belief in the lawfulness of their conduct and showed good faith.

19     35.    As and for a thirty-fifth separate and distinct affirmative defense,

20 plaintiffs are barred from any exemplary or punitive damages inasmuch as any act or

21 conduct as may be shown on the part of these answering defendants resulted from

22 provocative acts, conduct, and words on the part of decedent, and punitive damages

23 are inappropriate under the statutes, case law, and Constitutions of California and the

24 United States.

25     36.    As and for a thirty-sixth separate and distinct affirmative defense,

26 defendants allege that as to the supplemental causes of action purporting to state a

27 claim pursuant to state law, a variety of state statutes protect and privilege the

28 individual officer's decision to deploy potentially lethal force, including California

14

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1   Penal Code Section 196-2 and Penal Code Section 197-1. Because the officer's use

2   of such force was justified by these statutes, the entity defendant is vicariously

3   exonerated as well in accordance with California Government Code Section 815.2(b).

4         37.     As and for a thirty-seventh separate and distinct affirmative defense, the

5   state-law causes of action are precluded by the fact that the homicide was justifiable

6   in accordance with California Penal Code Section 196 in that a police officer who

7   kills someone has committed a justifiable homicide if the homicide was necessarily

8   committed in overcoming actual resistance to the execution of some legal process or

9   in the discharge of any other legal duty, and there can be no civil liability under

10   California law as the result of a justifiable homicide in accordance with *Gilmore v.*

11   *Superior Court*, 230 Cal.App.3d 416, 420-423 (1991).

12                                      **PRAYER**

13         WHEREFORE, these answering defendants, having fully answered plaintiffs'

14   first amended complaint, pray for judgment in favor of defendants, for costs of suit

15   incurred herein, for attorney's fees pursuant to 42 U.S.C. §1988, and for such other

16   and further relief as the Court deems just and proper.

17

18   DATED: December 20, 2013        WISOTSKY, PROCTER & SHYER

19

20                                    By: _____
21                                        Dirk DeGenna
                                          Attorneys for Defendants,
22                                        CITY OF SANTA PAULA, SANTA
                                          PAULA POLICE DEPARTMENT, ISMAEL
23                                        CORDERO, HECTOR RAMIREZ and
                                          CHAD PEPLINKSI

24

25

26

27

28

15

**DEMAND FOR TRIAL BY JURY**

Defendants CITY OF SANTA PAULA, SANTA PAULA POLICE DEPARTMENT, INTERIM CHIEF ISMAEL CORDERO, OFFICER HECTOR RAMIREZ, and OFFICER CHAD PEPLINKSI hereby demand a trial by jury.

DATED: December **20**, 2013          WISOTSKY, PROCTER & SHYER


By: _____
    Dirk DeGenna
    Attorneys for Defendants,
    CITY OF SANTA PAULA, SANTA
    PAULA POLICE DEPARTMENT, ISMAEL
    CORDERO, HECTOR RAMIREZ and
    CHAD PEPLINKSI

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

16